# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNY R. SCHLOSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-059-JHP-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Danny R. Schlosser (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED to Defendant for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 21, 1959 and was 54 years old at the time of the ALJ's latest decision. Claimant completed his education through the eighth grade. Claimant has worked in the past as a drywall installer and framer. Claimant alleges an inability to work beginning January 1, 2008 due to limitations resulting from pain in his back, hips, legs, and hands, a hearing

impairment, hernia, cardiac stent, and obesity.

## Procedural History

On June 18, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") entered an unfavorable decision on December 6, 2010. On appeal, this Court reversed the ALJ's decision and remanded the case by Order entered October 2, 2013.

On remand, a second administrative hearing was conducted on June 10, 2014 by ALJ Bernard Porter by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On October 21, 2014, the ALJ again issued an unfavorable decision. Claimant did not file exceptions with the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to adequately develop the record; (2) failing to identify all of his severe impairments at step two; (3) reaching an improper RFC assessment; and (4) making inadequate findings at step five.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of angina, coronary artery disease, hypertension, obesity, depressive disorder, bilateral hearing loss, and cardiomegaly. (Tr. 313). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could lift/carry twenty pounds occasionally and ten pounds frequently; could stand/walk up to six hours in an eight hour workday; could sit up to six hours in an eight hour workday; and push/pull as much as he can carry. Claimant was restricted to only occasional use of hand controls. He could occasionally climb ramps and stairs, but can never climb ladders or scaffolds. Claimant could frequently balance, stoop, and crouch, occasionally kneel, but never crawl. He must avoid unprotected heights, moving mechanical parts, no temperature extremes, and no more than a moderate level of noise exposure. He required a sit or stand option at least every 30 minutes with a positional change lasting

5

no more than three or four minutes at one time.  Claimant could perform simple work tasks with simple work related decisions and could have occasional contact with supervisors and co-workers but no interaction with the public.  The ALJ estimated Claimant's time off task would be accompanied by normal work breaks.  (Tr. 316).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of garment bagger, bakery worker, and small product assembler.  (Tr. 322).  As a result, the ALJ found Claimant was not disabled from June 17, 2006 through March 31, 2010, the date last insured.  Id.

Claimant first contends the ALJ should have ordered a consultative neuropsychological examination in order to fulfill his duty to adequately develop the record.  On February 3, 2011, Dr. Robert L. Spray performed a psychological evaluation of Claimant.  He diagnosed Claimant with dysthymia, rule out cognitive disorder, NOS.  He noted Claimant appeared to have chronic depression which waxes and wanes over time.  Claimant reported a decrease in memory, but was not able to suggest a possible etiology.  Dr. Spray stated that it may be a symptom of depressed mood, but might be a cognitive disorder that had not been diagnosed.  (Tr. 57).

Dr. Spray found that Claimant may have moderate difficulty with attention and concentration.  He demonstrated a poor ability

6

to do mental calculations and may have difficulty remembering detailed instructions. Dr. Spray recommended a neuropsychological evaluation to assess possible cognitive disorder/memory loss. (Tr. 58). Claimant's attorney also requested such an evaluation at the administrative hearing. (Tr. 330). In his decision, the ALJ denied the request for an evaluation, stating that there was not enough in the evidence to suggest it was necessary. (Tr. 311).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health &

Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

The ALJ based his denial of the request for the evaluation solely on the lack of evidence deeming it necessary. Dr. Spray's suggestion that his findings lead him to believe the testing was

8

necessary is persuasive even though the ALJ gave his opinion limited weight. The record does not contain such testing and, given Claimant's limitations in other cognitive areas such as literacy, the testing should be done to clearly and appropriately ascertain the state of Claimant's mental abilities. On remand, the ALJ shall obtain a neuropsychological evaluation in order to insure a full picture of Claimant's mental status is ascertained.

**Step Two Analysis**

Claimant argues the ALJ should have included the conditions of an umbilical hernia, Bell's palsy, and back pain as additional severe impairments. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289,

9

291-292, (10th Cir. 2008).

Nothing in the evidence indicates that these additional conditions imposed further restrictions upon Claimant's ability to engage in basic work activities. The fact the condition has been diagnosed does not translate into a disability. *See*, Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988). No error is attributed to the failure to add these conditions as severe impairments at step two.

### RFC Determination

Claimant challenges the ALJ's RFC assessment. He makes the general argument that Claimant's impairments cause additional limitations not considered by the ALJ. However, he does not cite to the record to indicate any such restrictions. This Court will not presume that the specific functional limitations identified by Claimant would exist absent evidence.

Claimant also contends his marginal literacy further limits his abilities. The ALJ's restriction to simple tasks does accommodate this limitation, in spite of Claimant's argument to the contrary. Claimant argues that additional limitation should have been placed in the RFC to take his eyesight limitations into consideration. No medical record has suggested a further functional limitation due to this condition.

Claimant states the ALJ failed to properly evaluate his mental impairments. Since an additional consultative examination is to be performed on remand, the ALJ shall re-evaluate Claimant's mental status, including Dr. Spray's opinion, and any effect it might have on the RFC evaluation.

Claimant also believes the ALJ erroneously discounted his credibility. He asserts the ALJ misrepresented the extent of his daily activities. This Court has reviewed the recitation of Claimant's activities of daily living in light of the testimony and find no significant variance from the representations made by the ALJ. This Court finds no error in the credibility analysis.

### Adequacy of Step Five Findings

Claimant contends the hypothetical questioning of the vocational expert did not represent his true limitations. Since further testing is directed, the ALJ shall modify his hypothetical questioning to reflect any changes in the RFC, if any result from the additional testing.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED and the case REMANDED** for further proceedings consistent with this Report. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE